NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IFAMIA DE LOS ANGELES RIVERA DE CANALES; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  18-73177 <br><br> Agency Nos.  A202-120-333 <br> A202-120-334 <br> A202-120-335 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022[**]
Portland, Oregon

Before:  GRABER, BEA, and M. SMITH, Circuit Judges.

Ifamia de Los Angeles Rivera de Canales seeks review of the Board of

Immigration Appeals' order denying her and her daughters' applications for asylum

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252.

To be eligible for asylum, a noncitizen must establish that "he or she has suffered past persecution or [that] he or she has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). Rivera de Canales concedes that she has not suffered past persecution, so only whether she has a well-founded fear of future persecution is at issue here. To establish a well-founded fear of future persecution, Rivera de Canales must establish, among other things, that there is a reasonable possibility she will be persecuted if she returns to El Salvador and that the persecution would be "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b)(2)(i). To be eligible for asylum, Rivera de Canales must establish that a protected ground was a "central reason" for the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). To be eligible for withholding of removal, she must establish that a protected ground was "a reason" for the persecution. *Id.* at 360.

We review the agency's denial of applications for asylum and withholding of removal for substantial evidence, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018), meaning that the agency's "findings of fact are conclusive unless any

---

[1] Rivera de Canales's minor daughters were considered derivative applicants because they were included in Rivera de Canales's application. They did not file separate applications.

2

reasonable adjudicator would be compelled to conclude to the contrary," 12 U.S.C. § 1252(b)(4)(B).

The basis for Rivera de Canales's fear of returning to El Salvador is as follows. In August 2014, Rivera de Canales heard from her neighbors that two teenaged girls living in her neighborhood were raped by members of the MS-13 gang. About a week after the rapes, the girls' mother invited Rivera de Canales and two other women to her house and said that she had filed a police report but the police did not investigate. The next week, the girls' mother hosted a second meeting that Rivera de Canales and one other woman attended. Rivera de Canales heard rumors that gang members were watching the meetings, and, although there is no evidence that any gang members ever contacted her or harmed her, she left the country with her two daughters about two weeks later and came to the United States.

The BIA held that Rivera de Canales did not establish "that a protected ground is a reason for the fear persecution," because there is no evidence that Rivera de Canales "outwardly stated any political opinions" and she "was never approached, recruited, or bothered by gang members in a direct manner." Rivera de Canales argues that her credible testimony and the country conditions evidence compel the conclusion that she has a well-founded fear of persecution on account of her political opinion or her particular social group, which is "women who actively oppose and resist gang violence and gang ideology, which treats women and girls as sexual

3

objects rather than as full human beings with a worth equal to that of men." We disagree.

The BIA reasonably concluded that rumors that gang members watched the meetings did not establish that the gang members were actually aware of Rivera de Canales's attendance at the meetings or, even if they were, that they were aware of her political views regarding gangs. The meetings took place in a private home, and there is no evidence that the subject of the meetings was shared publicly.

Rivera de Canales also argues that "the country conditions in El Salvador should be relevant to a determination of the objective reasonableness of Petitioner's fear of persecution." But she does not support this argument with citations to the record or to relevant legal authority. Therefore, any argument regarding country conditions evidence is forfeited. *See* Fed. R. App. P. 28(a)(8)(A); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim.").

**PETITION FOR REVIEW DENIED.**